PER CURIAM.
Accent Realty of Jacksonville, Inc. and Dean Waters appeal a final judgment after nonjury trial. With regard to Accent Realty’s appeal, we agree with the trial court first, that subsequent to Dean Waters’ default, appellee Vincent Crudele was entitled to retain the rents and is not obliged to account for same to appellants. Second, we likewise agree that since the agreement for deed was indisputably in default, the trial court correctly applied the default interest rate. Third, appellee concedes that, pursuant to the agreement for deed, he must deliver satisfactions of mortgage with respect to the mortgages presently on the property. That being so, the final judgment is affirmed with respect to the points raised by Accent Realty.
Turning to the separate appeal by Dean Waters, we note that when the trial court reserved jurisdiction “to determine the indebtedness to which Crudele was entitled under the agreement for deed,” that reservation necessarily included a determination as to the promissory note. Under the cancellation agreement, the promissory note was executed by Crudele as the mechanism to repay the $100,000 he had received as a down payment on the property under the agreement for deed. The parties’ agreement provided that the note would be void if the agreement for deed were not set aside. In setting the amount which Accent would have to pay in order to consummate the agreement for deed, the trial court necessarily had to determine the status of the note in order to compute the balance to be paid to Crudele. Indeed, the representations made by Dean Waters in the companion case pending below indicate that he understood this to be the case. Thus, we are unpersuaded by Waters’ argument on appeal that he was prejudiced when the trial court ruled on the status of the promissory note in its final judgment.
We do find, however, that the trial court went too far when it simply cancelled the promissory note. We agree that if Accent Realty exercises its redemption right under the agreement for deed then Crudele would not be obligated to repay the $200,000 down payment and the note must be cancelled. If, however, Accent Realty does not redeem, then there would be no reason in the present proceeding to cancel the promissory note, and the parties’ companion litigation below could proceed to adjudicate the parties’ claims and defenses with respect to the note. Therefore, we reverse the ruling that the promissory note is cancelled and remand with directions to amend the final judgment to provide that the promissory note will be cancelled if Accent Realty exercises its redemption right in accordance with the terms of the final judgment.
Affirmed in part, reversed in part, and remanded.