FRANK, Chief Judge.
Vernon Drawdy, convicted of capital sexual battery and a lewd act involving the young daughter of a former girlfriend, appeals from his convictions. He has contended that the prosecutor’s systematic exclusion of all men from the jury violated his constitutional rights, and we conclude that he is correct. Accordingly, we reverse and remand for a new trial.
After the state had exercised its last two challenges — to two males — the defense attorney commented, “Let the record reflect that of all the men selected, I only challenged one peremptorily and I did my best to keep a man on this panel.” The issue was preserved for appeal. A new trial is required under the recent ruling of the Florida Supreme Court in Abshire v. State, 642 So.2d 542 (Fla.1994), and our decision in J.H.C. v. State, 642 So.2d 601 (Fla. 2d DCA 1994).
Here, as also occurred in J.H.C., because of the necessity for a retrial we deem it appropriate to issue a word of caution regarding the use of expert testimony in a case such as this. A Child Protection Team worker’s opinion testimony, based upon her discussions with the child, was that the child had been orally and vaginally penetrated. The victim, who was age thirteen when she testified in the trial, was twelve when the social worker interviewed her in connection with the alleged events. The worker’s testimony, to which the defense attorney specifically objected, had the desired effect of bolstering the victim’s credibility. As we stated in J.H.C., 642 So.2d at 601-02, the “trial court abused its discretion in admitting such ‘inherently prejudicial’ expert testimony where the victim was mature enough so that a jury could reach its own determination of her credibility” (citing Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994).
In accordance with the foregoing, we reverse the convictions and remand for a new trial.
PARKER and LAZZARA, JJ., concur.