THREADGILL, Judge.
Michael James Ponder files a consolidated appeal from lower court case numbers 92-1162 and 92-0770. We reverse the judgments in case number 92-1162, because the state failed to rebut objections to its peremptory challenges to women on the venire. We affirm the judgment in case number 92-0770, but reverse the sentence because it exceeded the maximum permitted by law.
The appellant was convicted after jury trial in case number 92-1162 of two counts of attempted first-degree murder with a firearm and three counts of attempted robbery *287 ■with a firearm.[1] During voir dire, the state struck seven women from the venire over objections by the defense. Although the state was able to rebut the objections with gender-neutral reasons in most of the cases, the state failed to give a sufficient reason for striking one of the women jurors. The following dialogue took place after the defense’s objection to the juror in question:
THE COURT: You’re not systematically excluding all the women?
THE STATE: We’re women, Judge. Why do that? We never want women off the jury. There’s nothing in the law about gender.
The jury which was finally impanelled consisted of six men. Two alternates were chosen afterward, one of which was a woman.
The state cannot rebut a claim of discrimination merely by affirming its good faith or by denying discriminatory intent. See State v. Slappy, 522 So.2d 18, 22 (Fla.1988). The exclusion of women from the jury without a gender-neutral explanation violates the appellant’s and the prospective juror’s right to equal protection and requires that we reverse and remand for a new trial. See Abshire v. State, 642 So.2d 542, 544 (Fla.1994).[2] Although the trial court did conduct a Neil[3] inquiry, the court erred in permitting a strike where the state failed to provide a gender-neutral reason for excluding one of the women.
In case number 92-0770, the appellant was tried and convicted of attempted second-degree murder. Although attempted second-degree murder is a second-degree felony punishable by a maximum of fifteen years in prison, the trial court sentenced the appellant to twenty-five years in prison concurrent to the sentences in case number 92-1162 above. The state concedes the sentencing error. §§ 782.04(2); 777.04(4)(d), and 775.082(3)(c), Fla.Stat. (1991).
We therefore reverse the judgments in case number 92-1162 and remand for a new trial. We affirm the judgment in ease number 92-0770, reverse the sentence, and remand for resentencing.
Reversed; affirmed in part and remanded for resentencing.
RYDER, A.C.J., and ALTENBERND, J., concur.

. §§ 782.04(l)(a), 812.13(l)(2)(a), . and 777.04(4)(c) and (d), Fla.Stat. (1991).

. After the trial in this case but during the appeal, the Supreme Court extended the Equal Protection Clause to gender-based peremptory challenges. J.E.B. v. Alabama ex rel. T.B., - U.S.-, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); see also Abshire v. State, 642 So.2d 542 (Fla.1994); J.H.C. v. State, 642 So.2d 601 (Fla. 2d DCA 1994).

.State v. Neil, 457 So.2d 481 (Fla.1984).