PER CURIAM.
In his appeal from a final judgment and sentence for aggravated battery on a pregnant woman, appellant makes six claims of error, including that the trial court abused its discretion in denying appellant’s use of a peremptory challenge. We affirm all points and write to address the peremptory challenge issue.
In voir dire the trial court denied the appellant’s exercise of peremptory challenges against two female jurors, finding them to be gender-based. See Abshire v. State, 642 So.2d 542 (Fla.1994). On the face of this record there is every logical reason to assume that this defendant would prefer males to females as members of the jury. In this case, there was a female prosecutor and a female pregnant victim on one side and a male defendant and a male defense lawyer on the other side. The crime was aggravated battery on a pregnant woman. Cf. Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA), rev. denied, 659 So.2d 272 (Fla.1995) (no basis to imply racial reason where Hispanic defendant challenged Hispanic prospective juror).
This case highlights the difficulty in assessing gender-based discrimination based on *1259 any pattern because females comprise at least a majority of the population. While the existence of a pattern is not determinative,[1] we have reviewed the record to discern whether a pattern exists. There were eighteen individuals being questioned for potential service on the six-person jury or as the one alternate. Although there were ten males and only eight females on the entire panel, of the first twelve jurors questioned there were only four males and eight females. One male juror was excused for cause, leaving only three males among the first twelve jurors. The six males remaining on the panel were seated in seats thirteen through eighteen and would only be reached if more than six of the first twelve were challenged either for cause or peremptorily. Each side had six peremptory challenges.
The state accepted the first six jurors, but the defense utilized all but one of its peremptory challenges to attempt to strike female jurors. If the defense had been successful in utilizing even four of its six peremptory challenges to strike female jurors, the defense would have then reached the remaining six male jurors. In fact, the defense lawyer implicitly admitted this motive when he told the trial court the reason for exercising his fourth peremptory against a female juror:
The only reason we are striking her is not based on any particular statement that she made, just a feeling of wanting to get to other jurors.
At that juncture all of the “other jurors” were males — a fact that must have been patently obvious to the trial court which denied this peremptory challenge. Since Abshire has prohibited gender-based challenges, we can no longer expect to see blatant statements being made of a desire to exclude females. Yet within the context of this record, this statement of the defense lawyer is certainly indicative of a gender-based motive. See Waters v. Crudele, 570 So.2d 317 (Fla. 3d DCA 1990).
As to the particular juror in question, Ms. Bianchini, the reason given for the challenge was that “she stated she doesn’t see where hitting something was a solution for a problem.” While on its face the reason is certainly gender-neutral, the inquiry must also include whether the reason was a pretext.
In State v. Sloppy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), our supreme court explained that once a proper objection has been made, the trial court must conduct an inquiry — first, to determine if the reason offered for the strike is neutral and reasonable, and second, not a pretext in order for the trial judge to permit the questioned challenge. The trial court must evaluate the reason given to see if it is credible in light of the circumstances. Id. at 22. When the reason on its face appears to be neutral, one or more of the Sloppy factors will support a finding that the reason offered is a pretext. While Sloppy enumerated five factors which the trial court should examine to determine whether the reason is a pretext, this list of factors is “non-exclusive.” Id. Thus, the court may look at the sum total of all of the circumstances to determine whether the reason given for exercising a challenge is pre-textual.
In the instant case, the trial court observed a pattern of excluding women to get to male jurors. The defense challenged female jurors who had experiences with domestic violence but thought they could be fair, but did not challenge male jurors with similar experiences. The defense’s last two strikes were directed at two women, one because she thought it was wrong for anyone to hit another, and one simply because he wanted other (male) jurors. Moreover, juror Bianchini who was challenged for her views on hitting was a backstrike, meaning that the defense was not so bothered by her comments as to strike her at the earliest opportunity. Given the baekstriking and the weak attempt to justify the last challenge of a female juror, combined with the pattern of the use of the defendant’s other strikes, the trial court could determine that the proffered reason for the challenge to juror Bianchini *1260 was simply a pretext to avoid female jurors. “[T]he trial court is in the best position to evaluate the neutrality of the proffered reasons, and its conclusion in this regard will be accorded deference on appeal.” State v. Johans, 613 So.2d 1319, 1322 (Fla.1993) (citation omitted).
Based on the record before us, the trial court did not abuse its discretion in denying the peremptory challenge.
Affirmed.
WARNER, POLEN and PARIENTE, JJ., concur.

. In Abshire v. State, 642 So.2d 542 (Fla.1994), our supreme court stated that the fact women were seated on the jury is "of no moment,” id. at 544, because neither number alone nor the fact that a member of a minority has been seated is dispositive.