718 So.2d 230 (1998)
Maurice Antonio RANDALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-825.
District Court of Appeal of Florida, Third District.
August 19, 1998.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN and SHEVIN, JJ.
PER CURIAM.
Maurice Antonio Randall, an African-American, was charged by information with burglary of an unoccupied structure, to wit, a warehouse. After a jury trial, he was convicted as charged and sentenced. He raises three points on this appeal.
First, he asserts that the trial court clearly erred where it allowed the State to exercise a peremptory challenge against an African-American male juror who stated during voir dire that he could not vote for a conviction solely on testimonial evidence and the State accepted a white juror who expressed the same sentiments.
During the voir dire proceeding, the prosecutor asked the prospective jurors whether, if selected as jurors, they would need more than testimonial evidence for a conviction:
[Prosecutor]: Does anybody feel the same way as Ms. Phillips and Ms. Witherspoon are feeling, that they would need more than just testimonial evidence that wouldn't be enough for them? Mr. Dominguez, how about you?
In response, Mr. Dominguez, a white-Hispanic juror, and Mr. Turner, an African-American juror, responded thusly:
[Juror Dominguez]: It is very simplistic, but I would find even though the witness might be credible, then again the crime is just a pen. I might be able to judge somebody on just one person if that punishment apply to that crime or dropping the pen, I wouldn't find to judge somebody that let's say of something owed or on just somebody saying that he dropped the pen. So you understand and I think I touched on it with Mrs. Witherspoon. We are not actually judging what the person did. You *231 are not judging my character, just my action, right?
I understand. You would have to do the job of convincing me as an attorney that that person is credible number one. And number two, that he did see you drop that pen. There are many cases where that might be a personal vendetta. I need a little bit more than that person to say so.

[Prosecutor]: Let me just say, does anybody think that what I say or what the defense attorney say is not going to be evidence? Are we all in agreement with that? Okay. And it not whether you like me or if I do a good job or you like Mr. Sisselman. It is how the evidence comes out on the stand. Can we agree with that? Mr. Dominguez, putting pressure on me today? Mr. Turner, how do you feel about what Mr. Dominguez just said.

[Juror Turner]: I agree with him.
[Prosecutor]: You think you would need some physical evidence on [sic] maybe more than one person to testify?

[Juror Turner]: Yes.
[Prosecutor]: Why is that?
[Juror Turner]: Well, if he gets on the stand and he said he don't have, but if he do that one word and that.
[Prosecutor]: You wouldn't be able to decide, you don't think?
[Juror Turner]: No.
(emphasis added).
Thereafter, when the State exercised one of its peremptory challenges against juror Turner, the defense objected and pursuant to State v. Neil, 457 So.2d 481 (Fla.1984), requested the trial court to have the State enunciate its reasons for this strike. The trial court, noting that both Randall and juror Turner were African-American males, requested the State to give a race-neutral reason for striking juror Turner. The State explained that juror Turner indicated that he could not convict based upon the testimony of only one witness and that he needed both oral and physical evidence in this case.[1] In response, the defense argued that although the State's proffered reason for the strike was race-neutral on its face and perhaps even reasonable, it was not genuine where the State accepted juror Dominguez who shared juror Turner's sentiments about testimonial evidence. Initially, the trial court reserved ruling on the issue.
Thereafter, when the defense counsel renewed its objection to the State's strike of juror Turner prior to the jury being sworn, see Joiner v. State, 618 So.2d 174, 176 (Fla. 1993), the trial court revisited the issue with the state. The record reveals that the court's voir dire notes and/or recollection caused the court to initially conclude that there was no appreciable difference between the responses given by juror Dominguez and those given by juror Turner:
[Court]: Then I am going to ask why you did not strike Mr. Dominguez who is a white male juror who indicated it was hard for him to judge someone based on one witness. That it could be a personal vendetta. How is that different from Mr. Turner who said I would need either physical evidence or more than one witness?
The State then responded that it believed that there was a distinct difference in the two juror's responses in that whereas juror Dominguez did not indicate an absolute reluctance to convict solely upon testimonial evidence, juror Turner did. Based upon the prosecutor's explanation, the lower court deemed the State's response to be non-pretextual and overruled the defense's objection and Mr. Dominguez ultimately served on the jury which convicted Randall. On this appeal, Randall asserts that the trial court erred when it found the State's proffered reasoning for striking juror Turner to be non-pretextual. We agree.
The use of race-based peremptory challenges has been invalidated under both federal and state law. See Overstreet v. State, 712 So.2d 1174, 1175, 23 Fla. L. Weekly D1458, D1459 (Fla. 3d DCA June 17, 1998) (citing Batson v. Kentucky, 476 U.S. 79, 84, *232 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Neil, 457 So.2d at 486). In Melbourne v. State, 679 So.2d 759 (Fla.1996), our state supreme court delineated a three step approach to be utilized when an objection to such a challenge is lodged:
[Step 1:] A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met ..., the court must ask the proponent of the strike to explain the reason for the strike.
[Step 2:] At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation.
[Step 3:] If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained. The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.

Id. at 764 (footnotes omitted)(emphasis added). Without question, the record before us reflects full compliance with steps one and two and step three insofar as the state did proffer a facially race-neutral explanation for its strike of juror Turner. Unfortunately, given all the circumstances surrounding the state's exercise of its peremptory challenges, we conclude that the lower court clearly erred in finding that the state's proffered reason for striking juror Turner was genuine or non-pretextual because the stated reason for the strike was equally applicable to another juror who was accepted by the state.
Recently, in Overstreet, a case that is virtually identical to this case, we reversed the appellant's conviction and sentence based upon our conclusion that the state's proffered reason for striking an African-American juror was in fact disingenuous and pretextual where the record reveals that: (1) the state only made a perfunctory examination of this juror; and (2) the state's proffered explanation of the strike was equally applicable to a white juror who had been accepted by the state. See 23 Fla. L. Weekly at D1459-60, 712 So.2d at 1177. There, we pointed out that the supreme court had set forth some relevant and non-exclusive criteria to guide the trial court in its determination of whether a party's proffered facially race-neutral reason for a peremptory challenge may, in fact, be pretextual:
(1) alleged group bias not shown to be shared by the juror in question;
(2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror;
(3) singling the juror out for special questioning designed to evoke a certain response;
(4) the prosecutor's reason is unrelated to the facts of the case; and
(5) a challenge based on reasons equally applicable to jurors who were not challenged.
Id. at D1459, at 1177 (quoting State v. Slappy, 522 So.2d 18, 22 (Fla.1988)); see also Melbourne, 679 So.2d at 764 n. 8. The supreme court has further stated that the presence of one or more of these factors will tend to show that the proffered reason is an impermissible pretext. See Slappy, 522 So.2d at 22.
As in Overstreet we believe that the state's proffered reason for striking the African-American juror [Turner] in this case was easily applicable also to a white juror [Dominguez] who was accepted and ultimately seated on the panel. Although the record reveals that juror Dominguez initially appeared to be receptive to the testimonial evidence of one witness, his ultimate conclusion was that he would need some corrobative evidence. Juror Turner, in turn, agreed with juror Dominguez's ultimate conclusion that additional evidence was necessary for a conviction. This being the case, the state's exercise of a peremptory challenge against juror Turner and not juror Dominguez can hardly be deemed genuine and non-pretextual as required under Melbourne. For this *233 reason, we must reverse Randall's conviction and remand for a new trial.
Randall next asserts that the lower court erred in granting the state's pretrial motion in limine to exclude his post arrest exculpatory statements to the police wherein he sought to explain his presence in the warehouse. We conclude that this issue has not been properly preserved for appellate review where the record reveals that there was neither an objection by the defense to either the motion or the court's ruling on the same. See Whitfield v. State, 706 So.2d 1, 4 (Fla.1997).
Finally, given the reversal of this cause for a new trial, Randall's remaining challenge to his sentence has been rendered moot.
Reversed.
NOTES
[1] Specifically, the prosecutor offered the following reason for his strike of juror Turner:

He didn't think that he could convict on one witness testimony and also needs both testimony and physical evidence in a case. In this case I am not presenting any type of physical evidence that I can think of right now.