732 So.2d 22 (1999)
Guillermo FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2826.
District Court of Appeal of Florida, Fourth District.
April 28, 1999.
Rehearing Denied June 8, 1999.
*23 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Guillermo Foster, was tried by jury and convicted of robbery with a weapon. Foster challenges his conviction on the ground that the trial court erred in denying his challenge to the State's peremptory strike of the only two black jurors in the case. We agree and reverse because although the record supports the trial court's finding that the State's proffered explanation for excluding the only two black jurors was race-neutral, it does not support the finding that the reason for the strike was genuine.[1]
A party challenging the use of peremptory challenges must make a timely objection, demonstrate on the record that the stricken persons are members of a distinct racial group, and request that the court ask the striking party its reason for the strike (step 1). See Melbourne v. State, 679 So.2d 759, 764 (Fla.1996). Once an objection is made to the peremptory challenge as racially discriminatory, the burden of production shifts to the striking party to show that the reason for the challenge was race-neutral (step 2). See Melbourne, 679 So.2d at 764; State v. Johans, 613 So.2d 1319, 1321 (Fla.1993). If the trial court determines that the reason given is race-neutral, the court must then determine whether the reason is genuine and not pretextual (step 3). See Randall v. State, 718 So.2d 230, 232 (Fla. 3d DCA 1998)("If the explanation is facially raceneutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained. The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness." (quoting Melbourne, 679 So.2d at 764))(emphasis omitted). Peremptory challenges are presumed nondiscriminatory, and the trial court's findings will be affirmed absent clear error. See Melbourne, 679 So.2d at 764-65.
Applying the applicable standards of review to the instant case, we find that the trial court clearly erred in allowing the State to exercise peremptory challenges against the two jurors in question. The *24 State's attorney said that he struck Ms. Sands because she indicated her brother had been arrested. He also questioned the credibility of her contention that her brother was arrested for traffic tickets. The prosecutor explained that Ms. Montgomery was struck because her brother had been arrested numerous times, including once for robbery. Notwithstanding, the record reflects that the State accepted Ms. Cardenas, a non-black juror, although it was revealed during voir dire that she failed to disclose on the questionnaire that her brother had been arrested. The State accepted Cardenas prior to striking Sands and Montgomery and had several peremptory challenges left at the time. The only reason Cardenas did not sit on the jury was because the defense utilized a peremptory strike against her. The prosecutor also accepted non-black jurors Mr. Lyons, who had been arrested, and Ms. Cooper, whose brother had been arrested, but then struck them when prodded by the trial judge during the Neil inquiry:
THE COURT: Let's see if there's any other jurors on the panel that [the State] has accepted that have been arrested, or family members arrested. Right now, only panel member we have Mr. Friedlander, he doesn't have anybody arrested, we have Mr. Lyons, he's been arrested for disorderly intoxication.
[THE STATE]: Mr. Who?
THE COURT: Lyons, strike Mr. Lyons off the jury.
[THE STATE]: Yeah, judge. I didn't think he was on the jury.
THE COURT: ... Ms. Cooper has a brother that was arrested in Arizona, are you going to knock her off?
[THE STATE]: Yes.
In light of this record, we find that the trial court clearly erred in finding that the State's reason for peremptorily striking the only two black jurors was genuine. The State's challenge to these two jurors was equally applicable to non-black jurors who were not challenged, a factor which our supreme court has indicated will tend to show that the proffered reason is an impermissible pretext. See State v. Slappy, 522 So.2d 18, 22 (Fla.1988). Because there were no other race-neutral reasons proffered to justify the strike, any suggestion of genuineness in the State's decision to strike these two black jurors was completely refuted. Additionally, we find that the trial court's assessment of credibility, which resulted in its implicit finding of genuineness, was tainted since the court became such an active participant in structuring the State's response to the appellant's challenge. Because we reverse on the jury issue, we decline to address the other issues raised by appellant.
Reversed and remanded for a new trial.
POLEN and HAZOURI, JJ., concur.
NOTES
[1] One of the black jurors, Ms. Montgomery, answered "no," both on the written questionnaire and during voir dire, to the question whether immediate family members had ever been arrested. She later explained that her answer was an oversight, and that her brother had been in jail several times. The other, Ms. Sands, did not offer an answer on the written questionnaire to inquiries regarding the arrest history of immediate family members, and stated "no" to the question during voir dire. Eventually, she revealed that her brother had been arrested, and that she believed the arrest was related to traffic tickets.