889 So.2d 928 (2004)
Levy WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2800.
District Court of Appeal of Florida, Fourth District.
December 15, 2004.
*929 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
This is an appeal by Levy Wallace from his conviction and sentence for the offense of attempted burglary of a dwelling with an assault. Appellant raises four issues on appeal, only one of which requires discussion. In his first issue, appellant argues that the trial court erred in overruling his objection to a racially-based peremptory challenge to a juror. We agree and reverse and remand for a new trial. As to the remaining three issues, we affirm.
Following voir dire of the venire, an exchange took place when the state used a peremptory challenge on a prospective juror named Tucker-Young:
[STATE]: Strike Tucker-Young.
[DEFENSE]: Judge, we ask for a Neil [Slappy] hearing, Tucker-Young is a black lady.
THE COURT: I know and you excused the black man.
[STATE]: She [does] work for a law firm. I don't particularly like lawyers.
THE COURT: Also let the record reflect there's another black female on the jury. Seat number 5 is Sepola. Up to you [defense].
[DEFENSE]: Back on this issue, I would say that Ms. Tucker-Young does work for a law firm. That there's a white gentleman by the name of Skelton that's an attorney that has been left I would argue that that is a pretext on striking Ms. Young.
THE COURT: I find no pattern, there's already one black he accepted a female. So I'm going to allow the strike. Up to you [defense].
[DEFENSE]: Strike Mr. Kearns.
THE COURT Vincent Brown is in seat number five.
[STATE]: I'm out of strikes at this last one. I used ten.
THE COURT: I got ten. [Defense].
[DEFENSE]: We accept the panel. Subject to the motion on Tucker-Young issue.
During voir dire, Juror Skelton, an attorney and CPA, stated that he was in private practice and that only thirty percent of his practice was law and that he had never practiced criminal law. Skelton further stated that he had friends and family in the legal profession, that he had never served on a jury, and that he had never been the victim of a crime. Upon inquiry, Skelton stated that some of his criminal defense friends would sometimes bounce an idea off of him about a case.
Juror Tucker-Young testified that she was a Senior Financial Analyst at a law firm and that she had friends in the legal profession. She stated that she worked in the planning department and worked on operations.
On appeal, appellant claims that the trial court abused its discretion in overruling his objection to the state's use of a peremptory challenge on Juror Tucker-Young. He claims that the striking of a black female juror when the state left a white male juror, who was similarly situated on the jury, was pretextual and race-based.
In Melbourne v. State, 679 So.2d 759, 764 (Fla.1996), the Florida Supreme Court held that peremptory strikes are presumed to be exercised in a nondiscriminatory *930 manner. The trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous. See id. at 764-65.
A party objecting to the other side's use of a peremptory challenge on racial grounds must: (a) make a timely objection on that basis, (b) show that the venire person is a member of a distinct racial group, and (c) request that the court ask the striking party its reason for that strike (step 1). See id. at 763. The burden then shifts to the proponent of the strike to provide a race-neutral explanation (step 2). See id. If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). See id. The court's focus in step 3 is not the reasonableness of the explanation but rather its genuineness. See id.
Further, the relevant circumstances that the court is to consider in determining whether the explanation is pretextual include such factors as the racial makeup of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged venire person; or singling out the venire person for special treatment. See id. at 764 n. 8.
In this case, we hold the trial court abused its discretion in accepting the state's explanation for the use of the peremptory challenge on Juror Tucker-Young. The prosecution's race-neutral explanation, that Juror Tucker-Young worked for a law firm and "I don't particularly like lawyers," was not a reasonable explanation in light of the facts. Tucker-Young, was not a lawyer, but merely worked at a law firm in the capacity of Senior Financial Analyst in the Planning Department. Further, her firm did not practice criminal law. However, Juror Skelton, a white lawyer, who had friends that practiced criminal defense, was never challenged by the prosecution. Further, while Juror Tucker-Young stated that she had friends in the legal profession, Juror Skelton testified that some of his criminal defense friends would bounce ideas off of him.
Courts have held that if there is a genuine reason why a party would fear that a particular juror's occupation would influence the juror's reasoning and cause the juror to view the case unfavorably from the party's perspective, then the occupation can be the foundation of a facially race-neutral reason to exercise a peremptory challenge. See, e.g., Hernandez v. State, 686 So.2d 735, 736 (Fla. 2d DCA 1997) (trial court erred in denying defendant's strike of a black juror who worked for the government as an air traffic controller, a profession demanding a high degree of care, precision and sobriety; the defendant had a real fear that the juror would not be receptive to his defenses of voluntary intoxication and self-defense); see also Cobb v. State, 825 So.2d 1080, 1085 (Fla. 4th DCA 2002) (prosecutor's explanation for striking black prospective juror on a drug case on the basis of age and status as a student was facially race-neutral and acceptable as genuine). In this case, the explanation given by the prosecutor in this case does not rise to the level of a facially race-neutral reason as set forth in Hernandez.
Finally, the state's argument that the prosecutor's use of a peremptory challenge was not pretextual in light of the fact that the prosecution had already accepted Juror Sepola, a black juror, to sit on the panel, must be rejected. In Abshire v. State, 642 So.2d 542, 544 (Fla.1994), the Florida Supreme Court specifically rejected the notion that all members of a protected class have to be struck in order for *931 reversible error to occur. In that case, the supreme court stated that the fact women were seated on the jury is "of no moment," because neither number alone nor the fact that a member of a minority has been seated is dispositive. See id.
REVERSED AND REMANDED FOR A NEW TRIAL.
WARNER and MAY, JJ., concur.