DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY HUNTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4475

[ August 16, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 11016491 CF10A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CYNAMON, ABBY, Associate Judge.

Appellant appeals from his convictions entered after a jury found him guilty of attempted burglary and driving without a valid drivers' license.[1] Appellant raises several issues on appeal, only one of which we address here, as it is dispositive. Appellant asserts that the trial court reversibly erred when it allowed the state to use peremptory strikes on two African American jurors, Ms. T and Ms. J, in violation of the procedure articulated by the Florida Supreme Court in *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996). For the reasons that follow, we agree with appellant's argument as to Ms. T, and reverse and remand this cause for a new trial.

The record indicates that one of the questions posed to prospective jurors during voir dire was whether any of their family members had been

---

[1] The jury found appellant guilty of attempted burglary as a lesser included offense of burglary of a dwelling. The trial court ultimately entered a judgment adjudicating appellant guilty of burglary of a dwelling, but it appears that the trial court intended to adjudicate appellant guilty of attempted burglary of a dwelling.

arrested. Prospective jurors Ms. T, Mr. W, Mr. S, and Mr. H each stated that they had a family member who had been arrested.

When the state sought to use a peremptory strike on Ms. T, an African American, the defense requested a race-neutral reason for the strike. The reason given by the state was the arrest of one of Ms. T's family members. The defense challenged this strike, contending that the state's reason was not genuine, since Mr. W and Mr. H, two prospective jurors whose family members had also been arrested, remained on the jury. In response, the state asserted that its reason for striking Ms. T had nothing to do with her race, but instead was based on the arrest of her family member. The trial court found that the state's reason for striking Ms. T was race-neutral and allowed the strike. Appellant later renewed his objections to the state's exercise of peremptory strikes, and accepted the panel subject to his prior objections.

The final jury panel included Mr. W, Mr. S, and Mr. H, who were all non-African American. Thus, three non-African American prospective jurors who stated they had family members who had been arrested remained on the jury, while the trial court allowed the state to use a peremptory strike on an African American prospective juror who had an arrested family member.

Our standard of review of this issue is abuse of discretion. *Wimberly v. State*, 118 So. 3d 816, 820 (Fla. 4th DCA 2012).

When a party challenges a peremptory strike, asserting that it is racially discriminatory, *Melbourne* articulates a three-step procedure that trial courts must follow. First, the party challenging the strike must make a timely objection, must demonstrate that the challenged juror is a member of a distinct racial group, and must ask the trial court to ask for a reason for the strike. 679 So. 2d at 764. Second, the party seeking to strike the juror must come forward with a race-neutral reason. *Id.* Third, the court must determine if the reason offered is genuine or is instead a pretext "given all the circumstances surrounding the strike." *Id.*

In the case at bar, the record indicates that defense counsel timely objected, demonstrated that Ms. T was African American, and asked the trial court to ask the state for a race-neutral reason for the strike. The state then came forward with a race-neutral reason for the strike, namely, the arrest of Ms. T's family member. Thus, the first two steps of *Melbourne* were satisfied.

This appeal turns on the third step of *Melbourne*. As part of its

2

determination of genuineness, a trial court should consider, among other things, "the racial makeup of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment." *Id.* at 764 n.8.

Florida courts have repeatedly found that it can be "racially discriminatory to exercise a peremptory challenge against a prospective juror in the minority where the proffered reason applies equally to a prospective juror in the majority." *Smith v. State*, 799 So. 2d 421, 424 (Fla. 5th DCA 2001). For example, in *Foster v. State*, 732 So. 2d 22, 24 (Fla. 4th DCA 1999), we held that the trial court clearly erred in finding that the state's reason for peremptorily striking two black jurors was genuine, where the asserted basis for the strikes—prior arrests of immediate family members—"was equally applicable to non-black jurors who were not challenged." In so holding, we explained that "[b]ecause there were no other race-neutral reasons proffered to justify the strike, any suggestion of genuineness in the State's decision to strike these two black jurors was completely refuted." *Id.*

Numerous other cases have held that a trial court's finding of genuineness was clearly erroneous where the record reflected disparate treatment of similarly situated jurors. *See Nowell v. State*, 998 So. 2d 597, 605 (Fla. 2008) (trial court erred in accepting the State's "age-based justification" for a peremptory strike of a Hispanic juror as genuine, because the state's proffered reason was also "clearly applicable" to a "similarly aged white male whom the state failed to challenge"); *Stroia v. State*, 119 So. 3d 1274, 1279 (Fla. 4th DCA 2013) (trial court erred in finding that the state's reason for striking an African American juror—that family members had been arrested for drug charges—was genuine where the state accepted two similarly situated white jurors); *see also Landis v. State*, 143 So. 3d 974, 981 (Fla. 4th DCA 2014) (similar); *Wallace v. State*, 889 So. 2d 928, 930 (Fla. 4th DCA 2004) (similar).

Here, even taking into account the trial court's superior vantage point, we conclude that the trial court abused its discretion in allowing the strike of Ms. T. Because the prosecutor's only race-neutral explanation for striking Ms. T applied equally to three non-African American jurors whom the state ultimately did not challenge, any suggestion of genuineness is refuted by the record. Indeed, when defense counsel specifically pointed out that there were other jurors who were still on the jury panel whose family members had also been arrested, the prosecutor did not attempt to explain the disparate treatment of Ms. T in comparison with similarly situated jurors. Nor did the prosecutor otherwise advance any argument

that could support a finding of genuineness.

Because we find that it was reversible error to allow the state to peremptorily strike Ms. T without proffering a genuine race-neutral reason in support, we do not reach the issue of whether the strike of Ms. J was proper under *Melbourne*. We reverse and remand for a new trial.[2]

*Reversed and Remanded for a new trial.*

DAMOORGIAN and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Because we are reversing for a new trial, we decline to reach appellant's argument that the trial court should have adjudicated him guilty of attempted burglary of a structure, where the jury found him guilty only of attempted burglary and never affirmatively found that the attempted burglary was of a dwelling. We also decline to address the appropriate charge on remand as to Count I.