GERSTEN, Judge.
Appellants, Manuel Gonzalez (Gonzalez), and Ralph Dureny (Dureny), appeal their convictions and sentences for strong arm robbery. We affirm.
Gonzalez contends that the evidence, was insufficient to convict him and that therefore, the trial court should have granted his motion for judgment of acquittal. However, after a review of the record, we determine that the evidence was sufficient to convict, thus foreclosing a judgment of acquittal. Lynch v. State, 293 So.2d 44 (Fla.1974).
Gonzalez also contends that his habitual felony sentence should be reversed because the habitual felony offender statute, Section 775.084, Florida Statutes (1989), violates the single subject rule of Article III, section 6, of the Florida Constitution. This issue, however, has been determined in State v. Johnson, 616 So.2d 1 (Fla.1993). Gonzalez does not fall within the parameters of the Johnson holding and therefore, his sentence is affirmed.
Dureny claims that the trial court sentenced him out of vindictiveness because he would not accept a plea. Immediately before the conclusion of his trial, the trial judge offered Dureny 364 days in jail if he pleaded guilty. Although he initially accepted the plea, he later withdrew it.[1] The last witness then testified about inconsequential matters and the jury ultimately found him guilty.
The trial judge sentenced him to five and a half years in prison, stating:
Mr. Dureny, having had the opportunity to hear all the testimony in this case, I am going to sentence you to five and a half years in state prison.
In Panek v. State, 593 So.2d 307 (Fla. 3d DCA 1992), this Court stated that a claim of judicial vindictiveness is neither reviewable nor cognizable on appeal where the actual sentence fell within the range of recommended guideline. Therefore, because Dureny was sentenced within the range of the guidelines, we will not disturb his sentence.
Accordingly, because the trial court committed no error, the convictions and sentences of Gonzalez and Dureny are affirmed.
Affirmed.

. The trial judge was aware of Dureny’s score-sheet and prior convictions.