627 So.2d 1263 (1993)
Euriell LAIDLER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1482.
District Court of Appeal of Florida, Fourth District.
December 8, 1993.
Nelson E. Bailey, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
This case involves the intentional and purposeful use of peremptory challenges to exclude women during jury selection in a criminal case. The issue is whether the logic of Batson[1] or Neil[2] applies to women as a discrete group. We hold that it does and reverse the conviction for a new trial.
*1264 There is no serious dispute as to the pertinent facts. Defendant was being tried for first degree murder. The prosecuting attorney made no secret of her desire to eliminate women from the jury. Her predisposition owed to an earlier hung jury in this case, with a number of mothers on it.[3] During jury selection, each time defendant challenged a male juror for cause, the state objected; and each time defendant challenged a female juror for cause, the state had no objection.
The state then used its first 9 peremptory challenges on women, at which point defendant objected on the basis of Neil. Only after the court overruled defendant's objection, upon a conclusion that Neil did not apply to sex discrimination, did the state's attorney strike any male jurors. When she did so, it was obvious that the latter strikes were designed to shore up her pretextual explanations for some of the earlier strikes. She proffered no colorable, sex-neutral reasons for most of her strikes. We thus have no trouble in concluding that women were purposefully excluded by the state.
Florida has had a long history of invidious discrimination against women serving on juries. Until four years after World War II ended, juries were limited to qualified men only. See § 40.01(1), Florida Statutes (1941). In 1949, the flat prohibition was modified to allow women to serve, but only if they registered with the clerk of the circuit court expressly for that purpose. See Ch. 25126, Laws of Fla. In other words, unlike male jurors, it took a positive and affirmative act on the part of a woman to be able to serve on a jury in Florida.
In 1967, the registration requirement was eliminated and a provision allowing expectant mothers and women with children under 18 to avoid service was substituted. See Ch. 67-154, Laws of Fla. In 1975, the age of the children allowing avoidance was lowered to 15. See Ch. 75-78, Laws of Fla. It was not until four years later, however, that all sex based distinctions in jury service in Florida were finally repealed. See Ch. 79-235, Laws of Fla.
Thus, as was the circumstance for race in Batson and Neil, there is an undeniable record in Florida of invidious discrimination against women in jury service. That fact makes the strongest possible case for adding sex as an identifiable classification under Batson and Neil. In other words  whatever may be the arguments for applying Batson and Neil to other classes such as national origin or ethnicity or religion  there is an indelible chronicle in Florida statutory law of the purposeful exclusion of women from jury service to serve as a logical and indistinguishable basis to apply Batson and Neil to women.[4] We have determined to do so here.
To facilitate review of our decision, we certify to the supreme court the question whether the holding in Neil should be applied to women as a class.
REVERSED AND REMANDED FOR NEW TRIAL.
ANSTEAD and POLEN, JJ., concur.
NOTES
[1] See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[2] See State v. Neil, 457 So.2d 481 (Fla. 1984).
[3] She explained to the trial judge as follows:

"[B]elieve it or not, Judge, the reason we're here the second time around is, on the death qualification last time, apparently that hung a couple of the jurors up, even though they didn't suggest it in voir dire, and it was a couple of the women. * * * [T]hese mothers have kids the same age as this kid; a lot of them do."
Defendant was in his teens at the time of trial. The state has now waived the death penalty. The jury ultimately empaneled in this retrial comprised 8 men and 4 women.
[4] Although the United States Supreme Court has not yet expressly decided to apply Batson to invidious discrimination based on sex, it has granted review to consider that issue in J.E.B. v. State ex rel. T.B., 606 So.2d 156 (Ala. Civ. App. 1992), cert. granted, ___ U.S. ___, 113 S.Ct. 2330, 124 L.Ed.2d 242 (1993) (No. 92-1239). The lower federal appellate courts are divided on the issue. Compare United States v. DeGross, 913 F.2d 1417 (9th Cir.1990), modified on other grounds en banc, 960 F.2d 1433 (9th Cir.1992), with United States v. Hamilton, 850 F.2d 1038 (4th Cir.1988). While we could base our decision today solely under state law, i.e. Neil, we have concluded that the logic of the case applies equally to federal law and thus rest our conclusion on Batson as well.