641 So.2d 169 (1994)
Thomas PRESTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-56.
District Court of Appeal of Florida, Third District.
August 9, 1994.
Bennett H. Brummer, Public Defender, and Alfonso M. Saldana, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Cecily Robinson-Duffie, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
COPE, Judge.
Thomas Preston appeals his convictions and sentences for aggravated battery and false imprisonment. We reverse.
During jury selection the State exercised two peremptory challenges against male jurors. After exercise of the second such peremptory challenge the defense objected, contending that the State was exercising its challenges on the basis of gender. Defendant asked for a Neil inquiry.[1] The trial court noted that Neil had not yet been extended to cover gender.[2] The court declined to conduct a Neil inquiry.
Subsequently, the United States Supreme Court announced its decision in J.E.B. v. Alabama ex rel. T.B., ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The Court there held that the federal "Equal Protection Clause prohibits discrimination in jury selection on the basis of gender." ___ U.S. at ___, 114 S.Ct. at 1430; see also Laidler v. State, 627 So.2d 1263, 1264 (Fla. 4th DCA 1993). The Florida Supreme Court followed J.E.B. in Abshire v. State, 642 So.2d 542 (Fla. 1994), and said, "[i]n so holding, we extend the procedural safeguards set forth in State v. Johans, 613 So.2d 1319 (Fla. 1993), to gender-based peremptory challenges." 642 So.2d at 544 (footnote omitted). Johans had held that "a Neil inquiry is required when an objection is raised that a peremptory challenge *170 is being used in a racially discriminatory manner." 613 So.2d at 1321.[3]
Because there was a timely objection that the peremptory challenge had been impermissibly exercised on the basis of gender, and there was no Neil inquiry, the convictions are reversed under authority of Abshire v. State and remanded for a new trial. See generally Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992).
Defendant next claims error in the trial court's ruling on his motion for severance. This point also has merit. In the present case defendant Preston was tried with codefendant Johnnie Hall. Each defendant gave a statement to the police subsequent to arrest. Each statement included information about the other defendant's activities on the evening in question.
Defendants moved for a severance. Each argued that the other's statement made reference to him and was not admissible against him. Defendants contended that redaction of the statements was not a feasible alternative and requested severance under Florida Rule of Criminal Procedure 3.152(b)(2). See generally Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); Roundtree v. State, 546 So.2d 1042, 1046 (Fla. 1989). The State submitted redacted versions to the trial court. The court ruled that the redacted versions complied with Rule 3.152(b) and were admissible. The court denied the motion for severance.
As set forth in Cruz v. New York:
[W]here a non-testifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him.
481 U.S. at 193, 107 S.Ct. at 1719 (citation omitted).
In the present case defendants were charged with kidnapping and aggravated battery. The evidence before the jury showed that during most of the evening in question, the two defendants traveled from place to place in an automobile, accompanied part of the time by the victim. The evidence informed the jury that the defendants were arrested together and transported to the police station, where they were interviewed separately and gave separate statements.
When the two statements were redacted, each defendant's statement was edited so as to refer to the other defendant as the "other person." Under the circumstances, it would have been clear to the jury that in each case the reference to "other person" refers to the other defendant.
Insofar as pertinent here, codefendant Hall's statement indicated that Hall and the "other person" picked up the victim and took her to a cocktail lounge where Hall gave her some money to go inside and buy some drinks. The victim did not return to the car as agreed. Hall observed the victim leave in another car. Hall then returned to his own car and told the "other person" that the victim left in the Cadillac. Hall's statement then said:
They lost eyesight of it and decided to go up 27th Avenue and see if they came [upon] the car.
They spotted her walking north on 27th Avenue near 119th Street. She sees the car and starts running. They try to catch her while using the car.
They caught her near the Rolex Club. She started to call the police. Both grabbed her. Questioned her about the money. They both put her in the vehicle's trunk and as he was securing the trunk[,] leaning, that's when the police arrived.
The jury would have readily understood that "they" meant Hall and Preston. Hall's statement therefore indicates that he and defendant Preston both chased the victim, caught her, and put her in the trunk. Hall's statement incriminated defendant Preston and was not directly admissible against Preston.[4] *171 The statement was not admissible at the joint trial by virtue of Cruz, 481 U.S. at 193, 107 S.Ct. at 1719; Cook v. State, 595 So.2d 994, 995 (Fla. 3d DCA 1992); see also Bryant v. State, 565 So.2d 1298 (Fla. 1990); Roundtree v. State, 546 So.2d at 1046. A similar situation occurred in Bryant v. State, where redaction was accomplished by using "the word `someone' and pronouns in place of the names of each of the other appellants." 565 So.2d at 1302. There, as here, the "redacted statement [of the nontestifying codefendant] effectively inculpated the other codefendants and could have confused the jury about the extent of each one's participation." Id. at 1303.
The application for severance in this case was governed by Florida Rule of Criminal Procedure 3.152(b)(2), which delineates the available alternatives where a severance is requested. The State elected a permissible alternative, which was to edit the statement so as to delete all references to the moving defendant. Id. 3.152(b)(2)(B). Under the circumstances of the present case, however, the editing was insufficient because it did not in reality eliminate all references to the moving defendant.[5]
The State relies in part on Whitfield v. State, 479 So.2d 208 (Fla. 4th DCA 1985), arguing that the codefendants' respective statements are both admissible as interlocking confessions. Id. at 218-19.[6]Whitfield, however, was decided under authority of the plurality opinion in Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979). Two years after Whitfield, the United States Supreme Court decided Cruz and explicitly rejected the Parker plurality rule. 481 U.S. at 189, 193-94, 107 S.Ct. at 1717, 1719-20. By virtue of Cruz, the portion of Whitfield which analyzes interlocking confessions is no longer good law.[7]
We find no merit in the third point on appeal. As to the fourth point, we reject the defendant's challenge to the 15-year sentence. Although the trial court viewed the sentence as a departure and entered a departure order, the sentence was in reality within the permitted range and no departure order was necessary. As the sentence is within the sentencing guidelines, it is not subject to appellate review. See § 921.001(5), Fla. Stat. (Supp. 1992); Gonzalez v. State, 616 So.2d 71, 72 (Fla. 3d DCA 1993); Panek v. State, 593 So.2d 307, 307-08 (Fla. 3d DCA 1992).
Reversed and remanded for a new trial.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla. 1984).
[2] The trial occurred in November, 1993.
[3] Johans eliminated the requirement for a threshold showing of "a `strong likelihood' that the veniremember was being challenged solely because of race." Id.
[4] Hall's statement was, of course, admissible against Hall by virtue of subsection 90.803(18), Florida Statutes (1993). The State has not advanced a theory on which codefendant Hall's statement was admissible as against Preston.
[5] Since we must reverse in any event because of J.E.B. and Abshire, we need not consider the question whether, under the facts of the present case, the admission of codefendant Hall's confession was harmless as to defendant Preston. See generally Cruz, 481 U.S. at 193-94, 107 S.Ct. at 1719 (interlocking nature of confessions "may be considered on appeal in assessing whether any Confrontation Clause violation was harmless") (citation omitted). Here, the two statements did not fully interlock, that is, codefendant Hall's statement attributed several actions to Preston which Preston had not admitted doing.
[6] Interlocking confessions exist where the defendant's "confession recite[s] essentially the same facts as those of his nontestifying codefendants." Cruz, 481 U.S. at 190-91, 107 S.Ct. at 1718.
[7] The Cruz court noted that an interlocking confession may be relevant for other purposes. (1) Where the confession of a nontestifying codefendant incriminates defendant and is erroneously admitted, the fact that the codefendant's confession interlocks with defendant's confession "may be considered on appeal in assessing whether any Confrontation Clause violation was harmless." 481 U.S. at 194, 107 S.Ct. at 1719. (2) Where the codefendant's confession is independently admissible against defendant, it is nonetheless necessary to rebut the presumption of unreliability which attaches to such a confession, see Lee v. Illinois, 476 U.S. 530, 539-46, 106 S.Ct. 2056, 2061-65, 90 L.Ed.2d 514 (1986); in such circumstances the fact that the codefendant's confession interlocks with defendant's confession "may be considered at trial in assessing whether his codefendant's statements are supported by sufficient `indicia of reliability' to be directly admissible against him ... see Lee, supra, 476 U.S. at 543-44 [106 S.Ct. at 2063-64]." Cruz, 481 U.S. at 193-94, 107 S.Ct. at 1719.