655 So.2d 1189 (1995)
Jamale REAVES, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-603.
District Court of Appeal of Florida, Third District.
May 17, 1995.
*1190 Bennett H. Brummer, Public Defender, and Donald Tunnage, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.

On Motion for Rehearing
COPE, Judge.
Upon consideration of defendant-appellant's motion for rehearing, we withdraw the opinion dated August 2, 1994, and substitute the following opinion:
Jamale Reaves appeals an order sentencing him to imprisonment within the permitted range of the sentencing guidelines. We dismiss the appeal for want of an appealable order.
Defendant was found guilty of trafficking in cocaine, and the sale, purchase, or delivery of cocaine. Under defendant's scoresheet, the permitted range was 3 1/2 to 7 years. The trial court imposed a 7-year sentence. Defendant has appealed, arguing that in deciding to sentence him at the top of the permitted range, the court took into account conduct of which defendant had been acquitted.
This court has held that a sentence falling within the sentencing guidelines is not reviewable. Preston v. State, 641 So.2d 169, 171 (Fla. 3d DCA 1994); Gonzalez v. State, 616 So.2d 71, 72 (Fla. 3d DCA 1993); Panek v. State, 593 So.2d 307 (Fla. 3d DCA 1992); see also §§ 921.001(5), 924.06(1)(e), Fla. Stat. (1993). Defendant asserts that his position is supported by Reese v. State, 639 So.2d 1067 (Fla. 4th DCA 1994). We disagree. There is no indication in Reese that the sentence was within the guidelines, and the decision contains no discussion of the jurisdictional point raised by the State in the present case.[1] We likewise distinguish Cook v. State, 647 So.2d 1066 (Fla. 3d DCA 1994), in which the jurisdictional issue was not raised. In the present case, the State has raised the objection that the within-guidelines sentencing order is not appealable, and we conclude that the point is well taken.
Assuming for purposes of discussion that we did have jurisdiction to consider the point, defendant's argument on appeal is entirely without merit. Defendant was observed selling drugs and was prosecuted. Defendant had concealed his cocaine supply inside a cement block near the street. Two or three feet away from the cement block, the officers found a bag containing a nine-millimeter firearm. Because of the firearm, defendant was charged with armed trafficking.
At trial defendant moved for judgment of acquittal as to the armed trafficking charge, arguing that the defendant did not use the firearm nor have it in his physical possession at any time during the drug sales observed by the police officers. The trial judge granted a judgment of acquittal as to the charge of armed trafficking and allowed the case to go to the jury on the lesser included charge of trafficking, along with the charge of sale, purchase, or delivery of cocaine.[2] Defendant was convicted of both charges.
At sentencing the trial judge noted in substance that although the evidence was legally insufficient to go to the jury on the charge of armed trafficking, the evidence supported the inference that the firearm found in close proximity to defendant's drug supply was defendant's firearm. For that and other reasons, the trial judge decided to sentence the defendant at the upper end of the permitted *1191 range. Contrary to defendant's argument, the trial court's reasoning on this point was entirely permissible. Defendant was not penalized for acquitted conduct.
Appeal dismissed.
NOTES
[1] If Reese involved a departure sentence, then the sentencing order was appealable. See §§ 921.001(5), 924.06(1)(e), Fla. Stat. (1993).
[2] We express no opinion on the merits of the granting of the partial judgment of acquittal.