964 So.2d 881 (2007)
Wagner MORA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1707.
District Court of Appeal of Florida, Third District.
September 26, 2007.
*882 Lowy and Cook, P.A., and Ronald S. Lowy, Miami Beach, for appellant.
Bill McCollum, Attorney General, and Rolando A. Soler, Assistant Attorney General, for appellee.
Before SUAREZ, CORTIÑAS, and ROTHENBERG, JJ.
SUAREZ, J.
Wagner Mora appeals from the sentence imposed pursuant to violation of probation. We affirm.
On August 31, 2003, defendant Wagner Mora ("Mora"), driving with passenger John Michael Perez ("Perez"), engaged in a high speed chase with another vehicle. Mora lost control and his car hit a concrete beam and struck another vehicle. Both Mora and Perez were ejected from the vehicle, with Mora suffering serious injuries and Perez immediately perishing; the occupants of the third vehicle were also seriously injured. Mora was charged by information with vehicular homicide caused by reckless driving, as well as with two counts of reckless driving resulting in serious bodily injury. While these charges were pending, Mora was charged in an unrelated incident with DUI, leaving the *883 scene of a crash, reckless driving and DUI with property damage.
The cases were consolidated, and the parties entered a plea agreement in which Mora pleaded guilty to a reduced charge of reckless driving resulting in serious bodily injury, as well as to the other two counts of the information, and received a withhold of adjudication on all counts. Mora also was adjudicated guilty on the unrelated DUI charge and was placed on six months of probation. The agreement further stipulated that any subsequent arrest or conviction could result in the vacating and setting aside of the plea agreement, as well as a violation of his probation. If he were to violate the plea agreement, Mora would face up to fifteen years in state prison. Further, if Mora did not violate any of the provisions of the agreement, the State agreed to nolle pros all remaining charges.
On January 27, 2006, Mora was arrested for a second DUI. On violation of probation, the State requested the maximum sentence of five years for each of the three third-degree felony charges. The trial court revoked Mora's probation and sentenced him to ten years in state prison, to be followed by five years of probation. Mora appeals from the sentence, asserting that the trial court violated his due process rights by considering and relying upon an impermissible factor in evaluating the probation violation, i.e., the death of the passenger Perez in the original case.
In order for an error to be raised on appeal, it must be preserved by contemporaneous objection, or be fundamental in nature. Gore v. State, 32 Fla. L. Weekly S438, ___ So.2d ___, 2007 WL 1932061 (Fla. July 05, 2007) (to preserve error for appellate review, the general rule is a contemporaneous, specific objection must occur at the time of the alleged error); see also F.B. v. State, 852 So.2d 226, 229 (Fla. 2003) ("The sole exception to the contemporaneous objection rule applies where the error is fundamental."); Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982) ("Except in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court."). Mora failed to object to the testimony concerning the death of Perez. Therefore, it was not preserved for appeal. The issue is also not fundamental, as the alleged error had no effect on the validity of the probation violation hearing or the ultimate sentence imposed. See, e.g., Carratelli v. State, 961 So.2d 312 (Fla.2007); Pryor v. State, 704 So.2d 217 (Fla. 3d DCA 1998) (defendant's appeal is barred, as it was not properly preserved for review and does not show fundamental error on the part of the sentencing court); see also § 924.051(3), Fla. Stat. (2006).
Not only was this issue not preserved for appeal, it is foreclosed from review by the invited error doctrine. The doctrine prevents a party from inviting error, then attempting to make that error an issue on appeal. See Norton v. State, 709 So.2d 87, 94 (Fla.1997) (the invited error doctrine prevents a party from making or inviting error in a case and then taking advantage of that error on appeal); Terry v. State, 668 So.2d 954, 962 (Fla. 1996); Czubak v. State, 570 So.2d 925, 928 (Fla.1990); Pope v. State, 441 So.2d 1073, 1076 (Fla.1983). The mention of Perez's death arose for the first time at the probation violation hearing when the defense questioned an expert witness, Dr. Merry Haber, who was there in part to testify that Mora suffered psychological trauma resulting from Perez's death. Mora not only invited the claimed error, but also failed to object to any subsequent references to Perez's death. He has not raised the issue in a Rule 3.800(b) motion. See Fla. R.App. P. 9.140(e).
*884 Even if the issue of Perez's death had been properly preserved for review, Mora's claim is without merit. The factors considered by the trial court in sentencing Mora on violation of probation, including the death of passenger Perez, were not impermissible. First, "[t]he sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed." Howard v. State, 820 So.2d 337, 340 (Fla. 4th DCA 2002); see also Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (it is permissible for judges to exercise discretion and to take into consideration various factors relating both to offense and offender, in imposing a judgment within the range prescribed by statute). Second, in order for an impermissible factor to have played a role in sentencing, it must have obviously affected the sentence, and it does not appear from this record that it did. See Evans v. State, 816 So.2d 742 (Fla. 4th DCA 2002). The plea agreement provided a fifteen-year prison sentence for Mora, and the trial court imposed a shorter term of ten years in prison.
And, last, a trial court has great discretion in determining the length of a sentence, so long as it is within the statutory limits. § 921.002(1)(g), Fla. Stat. (2006). Mora originally faced a sentence of twenty-five years in prison on the original charges, and the plea agreement to which he fully and competently agreed subjected him to a maximum of fifteen years in state prison were he to violate its terms. By sentencing him to ten years, followed by five years of probation, the trial court was acting well within its sentencing discretion. See Preston v. State, 641 So.2d 169 (Fla. 3d DCA 1994)(sentences within the sentencing guidelines are not subject to appellate review at all). Mora conceded that the sentence he received was only two-thirds of what the plea agreement called for. The sentence appears on its face to be fair and lacking fundamental error.
Affirmed.