FARMER, J.,
dissenting.
An ineffective assistance of appellate counsel claim requires the defendant to establish that deficient performance prejudiced the appeal.[3] In this regard, if a legal issue “would in all probability have been found to be without merit” had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the merit-less issue does not make appellate counsel’s performance ineffective.[4]
Here the claimed deficiency involves an appeal of a sentence above the minimum and within the maximum. In sentencing *173 within the law’s minimum and maximum, the discretion afforded is about as broad as discretion can be for trial judges. When a trial judge is given a specified range of discretion over an issue and the decision is within the range of discretion allotted, prejudice is not shown by the appellate lawyer’s failure to raise the issue on direct appeal. See e.g. Rutherford v. Moore, 774 So.2d 637, 645 (Fla.2000) (no prejudice from failure to argue denial of motion to conduct voir dire as to specific matter, court citing broad discretion of trial judge); Pangburn v. State, 661 So.2d 1182, 1187 (Fla.1995) (no prejudice from failure to argue on appeal admission of gruesome photographs, court citing broad discretion of trial judge); Wilson v. State, 436 So.2d 908, 910 (Fla.1983) (no prejudice from failure to argue on appeal admission of photographs, court citing broad discretion of trial judge).
The Florida Criminal Punishment Code, which first became effective in 1998, contains these basic principles:
(b) The primary purpose of sentencing is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of punishment.
[[Image here]]
(g) The trial court judge may impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control.
(h) A sentence may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is below the lowest permissible sentence or as enumerated in s. 924.06(1). [e.s.]
§ 921.002 Fla. Stat. (2003). Section 924.06(1) provides:
A defendant may appeal from ... a sentence, on the ground that it is illegal; or ... [a] sentence imposed under s. 921.0024 of the Criminal Punishment Code which exceeds the statutory maximum penalty provided in s. 775.082 for an offense at conviction, or the consecutive statutory máximums for offenses at conviction, unless otherwise provided by law. [e.s.]
Defendant’s claim of ineffective assistance of appellate counsel has no support in sentencing statutes. The statutes allowed him to appeal his sentence only on the ground it is illegal because it exceeds the limits of punishment allowed by law. Yet he acknowledges — and the majority recognize as well — the sentence imposed on him was within the maximum provided by law for aggravated battery; hence not illegal.
His contention that the trial judge spoke of his lack of remorse and refusal to accept responsibility for the crime the jury had found him guilty of committing is, I think, legally insufficient on its face to state a claim of ineffective assistance of appellate counsel. I am unable to find in the above statutory provisions any legal basis for this claim. The jury found him guilty of viciously beating the victim with a pipe, inflicting serious personal injury. I do not think these statutes bar the sentencing judge from considering a lack of remorse in deciding at what point within the penalty spectrum discretion will settle.
Holton v. State, 573 So.2d 284, 292 (Fla.1990), on which the majority rely, is manifestly inapplicable. It held that protestations of innocence cannot be used as an aggravating factor to justify the death penalty. Holton is not applicable in non-capital cases arising since the adoption of the Florida Criminal Punishment Code.[5]
*174 All aggravating factors leading to the death penalty in capital cases must be based on some express statutory provision. This is obviously necessary because the death sentence is reviewed de novo by the supreme court. But since the adoption of the Florida Criminal Punishment Code, it is unnecessary in non-capital cases for a sentencing judge to justify imposition of a sentence within the maximum fixed by law, as in capital cases. Under the Code’s clear provisions set forth above, in non-capital cases the trial judge is vested with sole discretion to impose a penalty within the maximum without specifying particular factors supporting the sentence. Mora v. State, 964 So.2d 881 (Fla. 3d DCA 2007), jurisdiction dismissed, 984 So.2d 1250 (Fla.2008) (trial court has great discretion in determining the length of a sentence, so long as it is within the statutory limits). The exercise of discretion in non-capital sentencing is made unreviewable by statute when the sentence is legal.
Holton is inapplicable because, unlike capital sentencing, there is no review of the non-capital sentencing. And if the sentencing judge gratuitously offers an observation as to defendant’s lack of remorse, it does not transform the legal sentence into illegal punishment. In this case the trial judge was well within reason to impose the maximum punishment for such a ferocious beating.
I would deny the petition.

. Thompson v. State, 759 So.2d 650, 660 (Fla.2000) (petitioner was prejudiced because appellate counsel's deficiency "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result”); Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985) (criteria for proving ineffective assistance of appellate counsel parallel standard for ineffective trial counsel).

. Williamson v. Dugger, 651 So.2d 84, 86 (Fla.1994); see also Downs v. Moore, 801 So.2d 906, 910 (Fla.2001) (appellate counsel cannot be deemed ineffective for failing to raise non-meritorious claims on appeal).

. See Stancliff v. State, 996 So.2d 259 (Fla. 1st DCA 2008) (District Court of Appeal lacked *174 authority to review defendant's sentence despite his contention that trial court abused its discretion by denying his request for a downward departure, where sentence was within the sentencing range established by defendant’s Criminal Punishment Code scoresheet); Peterson v. State, 775 So.2d 376 (Fla. 4th DCA 2000) (Criminal Punishment Code (CPC) section providing that sentence may be appealed on basis that it departs from CPC only if sentence is below lowest permissible sentence or as enumerated in section governing appeals by defendant does not violate due process or equal protection).