PER CURIAM.-
Donald Branton petitions this court for a writ of habeas corpus, asserting that he received ineffective assistance of counsel on direct appeal following resentencing. Branton alleges that, at his resentencing hearing, the court denied him due process and, therefore, committed fundamental error by refusing to consider his evidence of rehabilitation or mitigation prior to imposing sentence. Branton contends that this error should have been raised by appellate counsel on direct appeal. We agree and grant the writ.
In 2002, following a jury trial, Branton was convicted. of robbery with a firearm and was sentenced to serve forty years in prison,, with a ten-year minimum mandatory provision. Branton challenged the minimum mandatory provision of his sentence. The State conceded error, and Branton was resentenced to forty years with no minimum mandatory requirements.
For reasons immaterial to the disposition of the present proceeding, Branton appeared before the lower court on February 4, 2013, for an additional resentencing. The court first received testimony from the victim.. Branton was then permitted to address the court. He first apologized to the victim and to the court for the harm and trouble he had caused.. Branton then explained how his life had changed over the ten years that had ensued since he was first sentenced. Branton represented that he had become a Christian, completed vocational programs, successfully completed the Narcotics Anonymous and Alcoholics Anonymous programs, counseled young *384 men who were in prison, and avoided “any trouble” while incarcerated. Essentially, Branton asked that the court take into consideration the “tremendous changes” that had occurred in his life and to resen-tence him to fifteen years in prison.
In response, the State argued that the court should impose “the same forty-year sentence that’s been imposed all along,” suggesting that the facts of the case were no different than when the crime was committed and that, based upon Branton’s criminal punishment code scoresheet, forty years was an appropriate sentence. The court then determined its sentence. First, the court “applauded” Branton for his improved behavior, vocational endeavors, and “redemption.” The court thereafter stated:
THE COURT: Having said that, we’re not here for mitigation of your original sentence. This is a resentencing based on the original charge, based on the jury finding you guilty of that offense. And so, I mean, if that were the case, if those [Branton’s accomplishments] were proper things for the court to take into account, we’d be resentencing everybody in the state prison system because everybody would want to come back and say, “Well, gee whiz, I’m a different guy-”
[[Image here]]
We’re looking at you back then when this happened, not now.
The court then announced that it agreed with the prosecutor that the original forty-year prison sentence, albeit with no minimum mandatory provision, is the appropriate sentence, and it sentenced Branton accordingly.
Branton appealed his sentence. His appellate counsel did not raise a sentencing error on appeal. This court affirmed the sentence without opinion. Branton v. State, 124 So.3d 241 (Fla. 5th DCA 2013). Branton asserts that his counsel was constitutionally ineffective for not raising, as a due process violation, the sentencing court’s announced position that it was not proper for the court to consider any of Branton’s postconviction rehabilitation or mitigation evidence at resentencing.
“Ineffective assistance of appellate counsel claims are properly raised by petitions for writs of habeas corpus filed directly in the appellate] court.” Martinez v. State, 123 So.3d 701, 702 (Fla. 1st DCA 2013) (citing Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000)). “The habe-as corpus standards for ineffective assistance of counsel mirror the Strickland[1] standard for trial counsel ineffectiveness.” Whitmore v. State, 27 So.3d 168, 170-71 (Fla. 4th DCA 2010) (citing Jones v. Moore, 794 So.2d 579, 583 (Fla.2001)). To be entitled to relief, Branton must establish that the errors or omissions of his appellate counsel were of such a magnitude so as to fall outside the range of professionally acceptable performance and that this constitutionally deficient performance was so prejudicial that it “compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.” Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000) (quoting Pope v. Wainwright, 496 So.2d 798, 800 (Fla.1986)). An appellate counsel’s failure to argue fundamental error has been held to constitute ineffective assistance of counsel. See Martinez, 123 So.3d at 703 (citations omitted). Thus, we are tasked with determining whether fundamental error was committed by the lower court in the February 2013 resentencing process.
*385 We first observe that Branton’s forty-year sentence is within the statutory limits for the crime for which he was convicted. Typically, such a sentence is unassailable on appeal. See Howard v. State, 820 So.2d 337, 339 (Fla. 4th DCA 2002) (citing Booker v. State, 514 So.2d 1079, 1081 (Fla.1987)). Nevertheless, an otherwise statutorily permissible sentence cannot stand if it was imposed in violation of a defendant’s right to due process. See id. at 339-40 (recognizing an exception to the unassailability of a sentence within the statutory limits “where the facts establish a violation of a specific constitutional right during sentencing”). “[F]or an error to be so fundamental ..., the error must be basic to the judicial decision under review and equivalent to a denial of due process.” Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994) (first alteration in original) (quoting State v. Johnson, 616 So.2d 1, 3 (Fla.1993)).
The Florida Supreme Court has consistently held that “resentencing proceedings must be a ‘clean slate,’ meaning that the defendant’s vacated sentence becomes a ‘nullity’ and his ‘resentencing should proceed de novo on all issues bearing on the proper sentence.’ ” Galindez v. State, 955 So.2d 517, 525 (Fla.2007) (Cantero, J., specially concurring) (internal citations omitted). Because his February 4,2013, resentencing was a completely new proceeding, Branton was entitled to produce additional evidence at this hearing not presented at his earlier sentencing, see Mann v. State, 453 So.2d 784, 786 (Fla.1984), and the resentencing court was not limited to the evidence presented, or not presented, at the original sentencing back in 2002. See Lucas v. State, 841 So.2d 380, 387 (Fla.2003). Moreover, Florida Rule of Criminal Procedure 3.720(b) specifically provides that the “court shall entertain submissions and evidence by the parties that are relevant to the sentence.” Here, the lower court clearly expressed its view that it was not proper to even consider Branton’s behavior or accomplishments since he was first sentenced and that the court would not consider Branton’s status, demeanor, or condition at the time of re-sentencing. By doing so, the lower court applied an incorrect standard in determining whether to exercise its discretion, violating Branton’s right to due process. See Barnhill v. State, 140 So.3d 1055, 1060-61 (Fla. 2d DCA 2014).
We conclude that Branton is entitled to a new sentencing hearing. In doing so, we emphasize that our holding in this case is narrow. A trial court continues to have “great discretion in determining the length of a sentence, so long as it is within the statutory limits.” See Mora v. State, 964 So.2d 881, 884 (Fla. 3d DCA 2007) (citing § 921.002(l)(g), Fla. Stat. (2006)). The court has the discretion to reject the testimony presented at sentencing hearings. Goldstein v. State, 154 So.3d 469, 476 (Fla. 2d DCA 2015).[2] However, by concluding that it lacked the authority or discretion to even consider Branton’s ensuing ten years of mitigation or rehabilitation evidence, the court committed fundamental error because it essentially negated Branton’s ability to present any meaningful evidence prior to' being resentenced.
Accordingly, we grant Branton’s petition and, because we conclude that a new appeal would be redundant, we vacate Bran-ton’s most recent sentence and remand for *386 resentencing before a different judge. See Johnson v. Wainwright, 498 So.2d 938, 939 (Fla.1986).
PETITION FOR HABEAS CORPUS RELIEF GRANTED; SENTENCE VACATED; REMANDED for RESEN-TENCING.
LAWSON, C.J., TORPY, and LAMBERT, JJ., concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. For example, in the instant case, if the court had announced that it had weighed and considered the testimony from both Branton and the victim and concluded that a forty-year prison sentence remained the appropriate sentence, the present petition would be denied as meritless.