DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERALD SPIRES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2210

[November 13, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 03-20622CF10A.

Aubrey Webb, Coral Gables, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse a sentence imposed on a resentencing because the circuit court refused to consider evidence relevant to a downward departure that arose in the years after the original sentence was imposed.

In 2003, appellant was charged by information with one count of sheltering an unmarried minor and four counts of lewd or lascivious battery on a person 12 years of age or older but less than 16 years of age.

The trial court rejected appellant's request for a downward departure and instead sentenced appellant to concurrent 50-year sentences on counts 1-4, followed by 20 years of sex offender probation. Appellant received 936 days of jail credit for time served. The trial court sentenced appellant to time served on count 5. We affirmed appellant's judgment and sentence. *See Spires v. State,* 987 So. 2d 1227 (Fla. 4th DCA 2008).

In 2016, appellant moved to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that his sentence exceeded the 15-year statutory maximum for the crimes. The trial court granted

appellant's motion and ordered a new sentencing hearing, pursuant to *Rigueiro v. State*, 132 So. 3d 853 (Fla. 4th DCA 2013).

Prior to the resentencing hearing, appellant moved for a downward departure, with grounds similar to those raised at the initial sentencing hearing. In addition, appellant raised matters arising after his original sentencing, including a 2018 psychosexual evaluation that found his risk of sexual recidivism to be low.

A judge different from the original sentencing judge presided over the resentencing hearing. The judge stated that his job on resentencing was limited to determining the intent of the original sentencing judge and crafting a sentence that comported with such intent. Defense counsel objected to this narrow view of a *Rigueiro* resentencing, pointing out that grounds existed for a downward departure that did not exist over a decade before at the original sentencing.

The judge vacated appellant's original sentence and sentenced appellant to 27 years on Counts 1 and 2, to run concurrently, and 27 years on counts 3 and 4 to run concurrently with each other, but consecutive to counts 1 and 2, for a total sentence of 54 years. The court emphasized that it was taking no position regarding the downward departure motion.

The circuit court erred by not treating the *Rigueiro* sentencing as a de novo proceeding; the court should have received evidence relevant to a downward departure and ruled on appellant's motion.

"[W]here a sentence has been reversed or vacated, the resentencings in all criminal proceedings . . . are de novo in nature." *State v. Fleming*, 61 So. 3d 399, 406 (Fla. 2011). "This means that when a defendant is resentenced, 'the fully panoply of due process considerations attach.'" *Id.* (quoting *State v. Scott*, 439 So. 2d 219, 220 (Fla. 1983)). "This includes the right to present evidence relevant to the sentence." *Wilson v. State*, 276 So. 3d 454 (Fla. 5th DCA 2019).

The trial judge took the view that the scope of the resentencing was "merely to restructure the sentence to accomplish the intended goal at the original sentencing." By taking this view, "the lower court applied an incorrect standard in determining whether to exercise its discretion, violating [appellant's] right to due process." *Branton v. State*, 187 So. 3d 382, 385 (Fla. 5th DCA 2016). Although the trial judge might have imposed a similar sentence after the de novo hearing, he was not compelled to do so. Because appellant's resentencing was a "completely new proceeding," he was entitled to "produce additional evidence at this

hearing not presented at his earlier sentencing" and "the resentencing court was not limited to the evidence presented, or not presented, at the original sentencing." *Id.* On remand, the court shall consider any evidence relevant to a downward departure, consistent with section 921.0026, Florida Statutes (2019).

*Reversed and remanded.*

WARNER, GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***