# Third District Court of Appeal
## State of Florida

Opinion filed January 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1067
Lower Tribunal No. 22-3460
_____


**Brendan Forbes, Inc.,**
Appellant,

vs.

**Megnutt Enterprises, Inc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

The Williams Law Group, and Andrew Williams, for appellant.

Law Offices of Alan I. Karten, PLLC, and Alan I. Karten (Boynton Beach), for appellees.


Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. See Aills v. Boemi, 29 So. 3d 1105, 1108 (Fla. 2010) (holding that error not raised in the trial court is generally not preserved for appellate review); Deutsche Bank Nat'l Tr. Co. v. Avila-Gonzalez, 164 So. 3d 90, 93 (Fla. 3d DCA 2015) (explaining that a hearing pursuant to Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), is not necessary where the sanction is based on the acts of the litigant and not the litigant's counsel); Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) ("[T]o justify reversal [of a discretionary decision refusing to excuse noncompliance with court rules], it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination."); Schroeder v. MTGLQ Invs., L.P., 290 So. 3d 93, 95 (Fla. 4th DCA 2020) (holding that it is appellant's burden on appeal to present record evidence demonstrating a trial court's reversible error); Mora v. State, 964 So. 2d 881, 883 (Fla. 3d DCA 2007) (explaining that a party cannot invite error and then complain of it on appeal).